Michael K. Friedland (SBN 157,217)
mfriedland@kmob.com
Paul N. Conover (SBN 192,358)
2pnc@kmob.com
Ali S. Razai (SBN 246,922)
2azr@kmob.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA  92614
Ph.:  (949) 760-0404 /Fax:  (949) 760-9502
**Attorneys for Plaintiff OAKLEY, INC.**

Jonathan S. Pink, (SBN 179685
jonathan.pink@bryancave.com
Aileen M. Hunter, (SBN 253162
aileen.hunter@bryancave.com
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414
Ph.: (949) 223-7000 /Fax: (949) 223-7100

Jason M. Honeyman, (admitted *Pro Hac Vice*)
jhoneyman@wolfgreenfield.com
Allen S. Rugg, (admitted *Pro Hac Vice*)
arugg@wolfgreenfield.com
John Strand, (admitted *Pro Hac Vice*)
jstrand@wolfgreenfield.com
Eric Kaviar (admitted *Pro Hac Vice*)
ekaviar@wolfgreenfield.com
**WOLF, GREENFIELD & SACKS, P.C.**
600 Atlantic Avenue
Boston, MA 02210-2206
Ph.: (617) 646-8000 /Fax: (617) 646-8646
**Attorneys for Defendant, REVISION MILITARY LTD.**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| OAKLEY, INC.,<br>    a Washington corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>REVISION MILITARY LTD.,<br>    a Delaware corporation.<br><br>        Defendant.<br><br>AND RELATED COUNTERCLAIM | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | SACV 11-01939-JST (MLGx)<br><br>**[~~PROPOSED~~] JOINT<br>PROTECTIVE ORDER** |

Plaintiff Oakley, Inc. and Defendant Revision Military Ltd. (collectively, "the Parties") have requested that the following stipulated protective order be entered by the Court in the above-captioned action ("this Action").

## GOOD CAUSE STATEMENT

This design patent action is likely to involve discovery of documents and testimony containing sensitive information, including trade secrets and other confidential research, development and commercial information of the parties to this action as well as third parties who may be subpoenaed to provide deposition testimony and documents, including confidential and commercially sensitive information relating to business strategies, manufacturing and distribution capabilities, sales, costs, pricing, profitability, customers, suppliers, and other business and financial data, which, if disclosed other than as specified herein, will pose a significant risk of injury to the legitimate business interests of the Producing Party.  This Order is necessary to protect the legitimate business interests of the Producing Party in such information, and good cause exists for the entry of this Order.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and pursuant to the stipulation and agreement of the parties,

IT IS HEREBY ORDERED, that if, in the course of this proceeding, any party or non-party has the occasion to disclose information deemed in good faith to constitute confidential proprietary information of the type contemplated by

Fed. R. Civ. P. 26(c), the following procedures shall be employed and the following restrictions shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the parties in this Action, or provided by or obtained from non-parties in this Action.

## SCOPE

1.     The provisions of this Protective Order are applicable to information of any type, kind or character, written, oral, or otherwise, including, but not limited to information disclosed in connection with all forms of discovery under the Federal Rules of Civil Procedure, such as depositions, interrogatories, requests for the production of documents and things, requests for admission; testimony adduced at trial, matters in evidence, and any other information ("Discovery Information") properly designated pursuant to the terms of this Protective Order by any party or non-party ("Classified Information").

2.     As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any individual who receives, is shown, or is exposed to material or information pursuant to this Protective Order.

/ / /

/ / /

**DESIGNATION**

3.     Any Producing Party may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" in accordance with this Protective Order.  The burden of establishing that Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, as defined herein, shall be on the Producing Party. The designation of any Discovery Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4.     "CONFIDENTIAL" shall be a designation reserved for information that the designating party desires to be protected from dissemination or use for purposes other than this litigation, but does not require the "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" designation.  Information shall not be designated as "Confidential" unless the designating party has a good faith belief that such information meets these requirements.

5.     "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall be a designation reserved for competitively sensitive business, research & development, business planning, financial, and/or sales information, trade secrets, unpublished patent applications, and other sensitive information that, if disclosed to competitors in the field at issue, would reveal technical or business

advantages of the designating party.  Information shall not be designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" unless the designating party has a good faith belief that such information meets these requirements.

6.     The Producing Party may designate documents or other tangible Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY by placing the following legend or similar legend on the document or thing: CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, or by whatever means effectively communicates to the Receiving Party the proper designation of the Classified Material.  If the Producing Party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection.  For purposes of the initial inspection, all documents within the produced files will be considered as having been marked HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY.  Thereafter, on selection of specified documents for copying by the inspecting party, the Producing Party shall mark the original documents and/or the copies of such documents with the appropriate confidentiality marking, CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, at the time the copies are produced to the inspecting party.

7.     Any party or non-party may designate discovery requests or responses (and the information contained therein) as CONFIDENTIAL or

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY by placing the following legend on the face of any such document: CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY.

8.    Information disclosed at a deposition shall automatically be treated as HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY during the deposition, and for a period of thirty (30) days after the mailing date of the deposition transcript.  The deposition transcript shall lose its Classified Information status after the 30-day period, except for information designated by any party as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY either on the record at the deposition, or within the 30-day period by written notification to all relevant parties of the specific page and line numbers of the transcript.  Counsel may exclude from the room during a deposition, hearing or other proceeding at which Classified Information likely will be disclosed, any person (other than the witness who is then testifying) who is not entitled under this Protective Order to receive or review Classified Information.  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding, or otherwise by written stipulation, without further order of the Court.

9.    Subject to any overriding rules imposed by the Court in this Action, all CONFIDENTIAL and HIGHLY CONFIDENTIAL - OUTSIDE

COUNSEL ONLY material, or any excerpt, reproduction or paraphrase thereof, filed with the Court shall be filed under seal, pursuant to Local Civil Rule 5.4-2.

## USE

10.   Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY shall be used only in preparation for, and in the trial of, this Action or any appeal therefrom and cannot be used for any other purpose including, but not limited to, any other litigation, arbitration or claim. Nothing in this Protective Order shall preclude a Producing Party from using or disseminating its own CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material in whatever way it sees fit.

11.   All material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY shall be protected from disclosure as specified herein, unless a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected.

12.   Third parties may (i) designate deposition transcripts of their witnesses and any documents or information they produce, whether voluntarily or by subpoena, CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY to the same extent and in the same manner as parties to this Action and any such materials and information shall be treated by the parties to

this Action in the same manner as materials and information so designated by a party, and (ii) intervene in this Action to enforce the provisions of this Protective Order as if they were a party.

## DISCLOSURE

13.    Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL, or the contents thereof, may be disclosed by the Receiving Party only to the following persons described below:

a)    any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings);

b)    employees of the parties whose assistance is needed by counsel for the purposes of this litigation, provided that such employees first execute a document in the form of Exhibit A and a copy of such executed document is retained by counsel for the Receiving Party;

c)    support personnel for persons listed in sub-paragraphs (a) and (b) above, including law clerks, analysts, paralegals, secretaries, and staff, assisting in connection with this Action;

d)    any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-

paragraphs (a) or (b) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work, provided that such person first execute a document in the form of Exhibit A and the executed document is delivered to the designating party prior to disclosure of Classified Information to the expert or consultant;

e)   any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

f)   service contractors (such as document copy services), jury consultants and graphic artists;

g)   any person who authored and/or was an identified original recipient of the particular CONFIDENTIAL material sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular CONFIDENTIAL material sought to be disclosed;

h)   personnel of the Court and all appropriate courts of appellate jurisdiction; and

i)   any other person agreed to by the Producing Party in writing, provided that such person first execute a document in the form of Exhibit A and the executed document is delivered to the

designating party prior to disclosure of Classified Information to the person.

14.    Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, or the contents thereof, may be disclosed by the Receiving Party only to the following persons:

a)    any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings) and supporting personnel, including law clerks, analysts, paralegals, secretaries, and staff, assisting in connection with this Action;

b)    any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraph (a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work, provided that such person first execute a document in the form of Exhibit A and the executed document is delivered to the designating party prior to disclosure of Classified Information to the expert or consultant;

c)    any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

d) service contractors (such as document copy services), jury consultants and graphic artists;

e) any person who authored and/or was an identified original recipient of the particular HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material sought to be disclosed;

f) personnel of the Court and all appropriate courts of appellate jurisdiction;

g) any other person agreed to by the Producing Party in writing, provided that such person first execute a document in the form of Exhibit A and the executed document is delivered to the designating party prior to disclosure of Classified Information to the person.

15. At least seven (7) days before the disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material of the Producing Party is made to an individual identified above in Paragraphs 13(d)&(i) and 14(b)&(g), an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying said individual by name

and including an executed copy of Exhibit A along with a curriculum vitae or equivalent resume setting forth such person's present business address, current employer and job title, any company or companies by which that individual was employed during the past five (5) years, and a list of all cases in which the individual has testified by deposition or in trial for the past four (4) years.

16.     The Producing Party shall state any objections to the proposed disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY information to any individual described in Paragraphs 13(d)&(i) and 14(b)&(g) and state the reasons therefor in writing to the Receiving Party within seven (7) days of receipt of the Notice.  Upon the making of any such objection(s), the Producing Party shall have ten (10) days (or any additional time which may be granted by the Court or agreed to by stipulation of the parties) from sending its objection(s) in which to challenge, by filing a   motion, the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY information.

17.     Unless the Producing Party objects to the disclosure and files an expedited motion in accordance with the Notice and timing provisions of this Protective Order, the Producing Party waives its right to challenge the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY information to the identified individual(s), and the individual identified in the Notice shall be considered a qualified recipient of

CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material under the terms of this Protective Order.  Should the Producing Party timely object and file its motion, CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material will not be disclosed pending resolution of the motion.  By disclosing an individual pursuant to this paragraph, the party disclosing the individual does not waive any consulting expert privilege or exemption, work product, or other privilege it may otherwise have with respect to the individual disclosed

18.    The recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

## EXEMPTED MATERIAL

19.    None of the provisions of this Protective Order shall apply to the following categories of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY has/had been:

/ / /

a)  available to the public at the time of its production hereunder;

b)  available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

c)  known to such Receiving Party, or shown to have been independently developed by such Receiving Party, prior to its production herein without use or benefit of the information;

d)  obtained outside of this Action by such Receiving Party from the Producing Party without having been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY; provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

e)  obtained by such Receiving Party after the time of disclosure hereunder from a third party having the right to disclose the same; or

f)  previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or any third party without an obligation of confidentiality.

20.     The Receiving Party shall have the burden of proof to remove the restrictions set forth herein based on grounds (a)-(f).

/ / /

**INADVERTENT PRODUCTION OR DESIGNATION**

21.   Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine will not waive the attorney-client privilege or the attorney work-product doctrine.  In addition, the parties agree that if a document subject to the attorney-client privilege or the attorney work-product doctrine is included in documents made available for inspection, such disclosure shall be considered not a waiver of the attorney-client privilege or the attorney work-product doctrine.

22.   Upon entry by this Court of the present Protective Order, the privilege or protection is deemed not waived by disclosure in connection with the litigation pending before this Court as well as any other Federal or State proceeding.

23.   If a party believes that it has inadvertently produced any document that it believes may be subject to the attorney-client privilege or attorney work-product doctrine ("Protected Document"), the party may claw-back the Protected Document by making a written request to the Receiving Party specifically identifying the Protected Document, including the date, author, addressees, and topic of the document as well as a brief explanation substantiating the claim of privilege.  Upon receipt of this written request, each party receiving said document shall immediately cease use of this document and

information contained therein and shall return it and all physical copies and delete all electronic copies within three (3) business days to the Producing Party.

24. The record of the identity and nature of an inadvertently produced document may not be used for any purpose other than in preparation of a motion to compel the production of the same document in this Action. No information in an inadvertently produced document may be used or relied upon for any other purpose in this Action until the Court so orders. After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

25. The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY shall not be a waiver of such designation provided that the party who fails to make such designation informs the Receiving Party that such Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY within a reasonable amount of time from when the failure to designate first became evident to the Producing Party. The party receiving Discovery Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY shall not be in breach of this Order for any use made of such Discovery Material before the Receiving Party is informed of the inadvertent failure to

designate.   Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this Paragraph 25, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the Producing Party or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under Paragraphs 13 through 15 of this Protective Order.  If data or information has been extracted from any Discovery Materials that are subsequently re-designated pursuant to this Paragraph 25, to the extent possible, the information and/or data will be expunged and not used.

26.    In the event of disclosure of Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY to any person not authorized to such access under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## USE IN COURTROOM PROCEEDINGS

27.   In the event that any CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material is to be used in any court proceeding, the Producing Party must seek an appropriate protective order from the Court before its introduction, and in any event, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

## OBJECTION TO DESIGNATIONS

28.   A party can challenge the designation by the Producing Party of any material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY.  The process for making such an objection and for resolving the dispute shall be as follows:

a)   The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations.  This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection.

b)   The objecting party shall thereafter have the burden of conferring either in person or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

c)   Failing agreement, the objecting party may bring a noticed motion to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation.

29.   Notwithstanding any such challenge to the designation of material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (a) the party who designated the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY withdraws such designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

**RETURN OR DESTRUCTION OF MATERIALS**

30.   Upon settlement or exhaustion of all appeals in this Action, all persons to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material has been disclosed shall, without demand, either (a) destroy or (b) return to the party that originally produced it all CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material (and all copies of such material) and all other documents containing information taken from the CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material within 60 days of the conclusion of this Action, except that each party's outside litigation counsel

-18-

may retain copies of pleadings, briefs, motions, depositions, and other documents filed in any court that include CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material, and each party's litigation counsel may retain one complete copy of any outside counsel work files containing CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material. Further, each party's Counsel of Record has no obligation to delete or return any back-ups made of electronic discovery materials that are created in the ordinary course of business by Counsel of Record, nor return or destroy any emails (including attachments) in the possession of and involving any Counsel of Record that may contain CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material. Upon written request, all recipients of CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material shall certify in writing that they have complied with the provisions of this paragraph.

31.    Upon settlement or exhaustion of all appeals in this Action:

Any CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material produced hereunder that has been submitted for identification or into evidence at any hearing or trial in this Action may be withdrawn by counsel for the person who offered such CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material into evidence;

The Clerk is authorized to deliver said CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material to said counsel; and

Any such CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material not returned to counsel shall be destroyed by the Clerk.

### MISCELLANEOUS PROVISIONS

32.     This stipulated Protective Order is without prejudice to the right of any party to seek further or additional protection of information for which the protection of this order is not believed by such party to be adequate.  Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter may not be discovered at all.

33.     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

34.     If at any time CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material is subpoenaed or otherwise required by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice

thereof to counsel for every party who has produced such CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material and shall provide each such party with an opportunity to object to the production of CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY materials.  If the Producing Party does not move for a protective order within ten (10) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the ten (10) day notice period, such material in response thereto.

35.    All notices required by any paragraphs of this Protective Order are to be made by email, U.S.P.S. Express Mail or other reliable means of service that accomplishes same-day or overnight delivery (e.g., by hand or commercial overnight delivery service) to counsel representing the noticed party.  The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice, however, any notices received on weekends or Federal or State holidays shall be treated as being received on the next available business day.  Unless otherwise noted, all specified time periods are in calendar days.

36.    Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination

of CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material produced or exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the specific contents of CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material produced by any other party or non-party unless otherwise permitted in the paragraphs above.

37.     Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any information or documents, or any portion thereof, are privileged or otherwise non-discoverable, or are not admissible in evidence in this Action or any other proceeding.

38.     The parties agree that privileged documents created after the date of the filing of the Complaint need not be logged on a privilege log.

39.     Each individual who receives CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

/ / /

/ / /

40.     For purposes of this Protective Order, "Termination of this Action" is defined to mean the exhaustion of all appeals from orders and final judgments in this Action or the settlement of this action by the parties.

41.     The parties agree that the terms of this Protective Order shall survive and remain in effect after the Termination of this Action.  The Court shall retain jurisdiction to hear disputes arising out of this Protective Order.

42.     Any headings used in this Protective Order are for reference purpose only and are not to be used to construe or limit the meaning of any provision.

43.     By signing below, the parties agree as between themselves to be immediately and mutually bound by all of the obligations and restrictions applicable to them as set forth herein, until such time as this particular Order is entered and/or superseded by the Court, or any reviewing court, in its present form.

44.     Entering into, agreeing to, and/or producing or receiving information or material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY or otherwise complying with the terms of this Protective Order shall not:

        a)     operate as an admission by any party that any particular information or material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

b)    operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY;

c)    prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery or privileged;

d)    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

e)    prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

f)    prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or prevent the parties to this

-24-

Protective Order from agreeing in writing, or on the record during a deposition or hearing in this action, to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

45.     Each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other parties hereto for good cause.

46.     This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person, nor obligate any party or person to provide any discovery to which it asserts objections.

IT IS SO ORDERED.

Dated:  October 18, 2012

_____

Honorable Marc L. Goldman
United States Magistrate Judge

1    Requested and Stipulated to by Counsel for the Parties:

2                                Respectfully submitted,

3

4    Dated:  October 18, 2012    By: */s/Ali S. Razai*
5                                    Michael K. Friedland
                                     Paul N. Conover
                                     Ali S. Razai
6                                 KNOBBE, MARTENS, OLSON & BEAR, LLP

7                                Attorneys for Plaintiff Oakley, Inc.

8

9

10   Dated:  October 18, 2012    By: */s/Allen S. Rugg*
                                     Jason M. Honeyman, (admitted *Pro Hac Vice*)
11                                   Allen S. Rugg, (admitted *Pro Hac Vice*)
                                     John Strand, (admitted *Pro Hac Vice*)
                                     Eric Kaviar  (admitted *Pro Hac Vice*)
12                                WOLF GREENFIELD & SACKS, P.C.

13                                   Jonathan S. Pink, (SBN 179685)
                                     Aileen M. Hunter, (SBN 253162)
14                                BRYAN CAVE LLP

15                               Attorneys for Defendant Revision Military Ltd.

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| OAKLEY, INC., a Washington corporation, | ) Case No. SACV 11-1939-JST (MLGx) ) |
| Plaintiff, | ) **AGREEMENT CONCERNING** |
| | ) **INFORMATION COVERED BY** |
| v. | ) **THE STIPULATED** |
| | ) **PROTECTIVE ORDER** |
| REVISION MILITARY LTD., a Delaware corporation. | ) ) |
| Defendant. | ) ) |
| AND RELATED COUNTERCLAIM | ) ) |

I certify that I have received, read and am fully familiar with the terms of the stipulated Protective Order entered on _____ in the above-captioned litigation and agree to be bound by its terms. Specifically, I will not disclose or permit the unauthorized viewing or disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL material, as set forth in said stipulated Protective Order, or the information contained therein.

I hereby submit to the jurisdiction of the Court for the purpose of

-27-

ensuring compliance with this stipulated Protective Order.

Signature: _____

Printed Name: _____

Date: _____

Address: _____

_____

13422047
101612